**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANDRE CHRISTOPHER WILLIAMS, :  :  Plaintiff : : v. : : LACKAWANNA COUNTY PRISON; JANINE DONATE, Warden; BARRY CRAVEN, C.O.; SCOTT BLUME, C.O.; CHRIS MASCI, Sgt.; and ARAMARK CORRECTIONAL SERVICES, LLC, : : : : Defendants : | CIVIL ACTION NO. 4:07-1137  (McCLURE, D.J.) (MANNION, M.J.) |

## REPORT AND RECOMMENDATION[1]

Pending before the court is a motion for summary judgment filed on behalf of defendant Aramark Correctional Services, LLC, ("Aramark"). (Doc. No. 78). Upon review of the record, it is recommended that the defendant's motion be granted.

By way of relevant procedural background, on June 25, 2007, the plaintiff, a former inmate at the Lackawanna County Prison, Scranton, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983, in which he named the Lackawanna County Prison and Janine Donate, Warden, as defendants. (Doc. No. 1). The plaintiff filed an amendment to his

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

complaint on July 2, 2007, in which he added Correctional Officers Barry Craven and Scott Blume as defendants. (Doc. No. 6). A second amendment was filed on July 5, 2007, in which he included Chris Masci, a Sergeant at the Lackawanna County Prison, as a defendant. (Doc. No. 8). By order dated July 17, 2007, it was directed that process issue. (Doc. No. 13). On October 8, 2007, an answer was filed on behalf of defendants Craven, Blume, Masci, Lackawanna County Prison, and Donate, ("County defendants"). (Doc. No. 31).

On March 10, 2008, the plaintiff filed a motion for leave to amend his complaint to add Aramark as a defendant, (Doc. No. 40), which was granted, (Doc. No. 42), and the plaintiff filed his amended complaint against Aramark on April 24, 2008. (Doc. No. 44). By order dated May 13, 2008, it was directed that the amended complaint against Aramark be served upon the defendants. (Doc. No. 47). Answers to the plaintiff's amended complaint were filed by the County defendants, (Doc. No. 52), and Aramark, (Doc. No. 54), on June 26, 2008, and July 30, 2008, respectively.

After several extensions, a final scheduling order was issued on May 7, 2009, which set the discovery deadline for July 1, 2009, and the dispositive motion deadline for August 1, 2009. (Doc. No. 77).

On July 31, 2009, defendant Aramark filed the instant motion for summary judgment. (Doc. No. 78). Subsequently, on August 6, 2009, a brief

2

in support of the motion was filed. (Doc. No. 80). The plaintiff filed a brief in opposition to the motion for summary judgment on August 25, 2009. (Doc. No. 81)[2].

In his original complaint, the plaintiff alleges that ". . . the food is always cold and the portions are barely enough to keep me alive." In the amended complaint in which he actually names Aramark, the plaintiff alleges that, as the food service provider for Lackawanna County Prison, defendant Aramark provided ". . . very small portions, expired and sometimes they even served us food with insects and hairs in it." The plaintiff alleges that the food was never nutritious and was prepared under "very unsanitary conditions." The

---

[2]Approximately two months after filing his opposition to defendant Aramark's motion for summary judgment, and after the discovery and dispositive motions deadlines had passed, on October 22, 2009, the plaintiff filed a motion to compel discovery with respect to both the County defendants and defendant Aramark. (Doc. No. 82). By order dated November 10, 2009, the plaintiff's motion was granted as unopposed and all defendants were directed to file responses to the interrogatories attached to the plaintiff's motion to compel within fifteen days. (Doc. No. 83). By letter dated January 21, 2010, the plaintiff indicated that the defendants had yet to respond to his interrogatories. (Doc. No. 86). In light of the plaintiff's filing, the court reviewed the interrogatories propounded upon defendant Aramark in relation to the pending motion for summary judgment. Although the court certainly does not condone the conduct of defendant Aramark in failing to abide by an order of this court directing the defendant to respond to the plaintiff's interrogatories, in considering the substance of the interrogatories, the court has determined that any responses to those interrogatories would not effect the court's ruling upon the defendant's motion for summary judgment. As such, the court will rule upon the pending motion for summary judgment without requiring any further response by defendant Aramark.

plaintiff alleges that he had to take sleeping pills at night because he suffered from hunger pains. As a result, the plaintiff alleges that he was subject to cruel and unusual punishment. The plaintiff is seeking compensatory and punitive damages as well as declaratory relief against defendant Aramark.

Initially, to the extent that the plaintiff complains that he was served cold meals, while prisoners are guaranteed a nutritionally adequate diet, there is no constitutional right to hot meals. Laufgas v. Speziale, 263 Fed. Appx. 192 (3d Cir. 2008)³(citing Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir.1980); Brown-El v. Delo, 969 F.2d 644, 648 (8th Cir.1992)(finding frivolous prisoner's claim that his constitutional rights were violated when he was served cold food)).

Moreover, to the extent that the plaintiff complains that his meals sometimes contained hairs or insects, this too has been held not to rise to the level of a constitutional violation. See Collins v. Klotz, 1994 WL 371479 *4 (E.D.Pa. Jun. 24, 1994)(citing Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (food containing foreign objects or served cold does not amount to constitutional deprivation), cert. denied, 475 U.S. 1096 (1986)).

Concerning the defendant's motion for summary judgment, summary judgment is appropriate "if the pleadings, the discovery [including,

---

³For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.

4

depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its

case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman-La Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

In an attempt to controvert the allegations in the plaintiff's complaint and to establish that no material issue of fact exists for trial, defendant Aramark has provided a statement of material facts supported by the record which provides that Aramark is a private company that sells food pursuant to a contract with the Lackawanna County Prison and provides portions of food in

accordance with that contract[4]. The food provided by Aramark to the Lackawanna County Prison is distributed within the facility by a combination of correctional officers and inmates at the prison.

The plaintiff testified at his deposition that he received food with hairs and/or insects in it under ten times while confined at the Lackawanna County Prison over a period of approximately fourteen months. He further testified that he received expired milk "on a couple of occasions." The plaintiff testified that he does not know how the hair and bugs got into his food, but indicated that, if he found any foreign objects in his food, he requested and was provided another tray. The plaintiff has no evidence that his food was prepared by Aramark in an unsanitary manner.

Although the plaintiff claims to have needed to take sleeping pills at night because he suffered from hunger pains, he has provided no evidence that he suffered from any physical injury as a result of inadequate nutrition or that he suffered from any food related illness.

Prisoners are entitled to a nutritionally adequate diet. [Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980)](). The Eighth Amendment requires that prison officials serve "nutritionally adequate food that is prepared and served

---

[4]The court notes that, contrary to Local Rule 56.1, the plaintiff has failed to controvert the defendant's statement of material facts. Those facts are, therefore, deemed admitted.

under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Id. "A substantial deprivation of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment." Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002).

Here, other than his own subjective complaints, the plaintiff has failed to present any evidence that the meals provided by Aramark were not nutritionally adequate. He further has failed to provide any evidence that the food was prepared and served under conditions which presented an immediate danger to his health and well being.

The plaintiff testified that Aramark was under contract to provide the Lackawanna County Prison with food for the inmates, which is then distributed by correctional officers and inmates. The plaintiff testified that he does not know how the food provided by Aramark was prepared. He testified, however, that when he made complaints with respect to his food, he was provided with another tray. In addition, the plaintiff testified that all inmates received the same amount of food at the prison and that he had no reason to believe that he was served smaller portions than are contracted for with Aramark. Although the plaintiff complains that the portions of food served to him were so small that he was essentially being starved, he also testified that on numerous occasions he voluntarily chose to forego eating his meals because

he found them to be subjectively distasteful.

Moreover, although the plaintiff alleges that he took medication to help him sleep because he suffered from hunger pains, he has failed to provide any evidence that he suffered any physical injury as a result of a lack of nutrition. It is not enough for an inmate to allege that his food portions were inadequate. He must present some evidence of deleterious impact of a prolonged deficient diet. See Brown v. Martinez, 2007 WL 2225842 (M.D.Pa. Jul. 31, 2007)(Vanaskie, J.). Because the plaintiff has failed to provide any evidence in support of his claim or in contradiction to the defendant's statement of material facts, the defendant's motion for summary judgment should be granted.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

defendant Aramark's motion for summary judgment, **(Doc. No. 78)**, be **GRANTED**.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** February 25, 2010

O:\shared\REPORTS\2007 Reports\07-1137-01.wpd

9