IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE CHRISTOPHER WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | No. 4:CV-07-1137 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| LACKAWANNA COUNTY PRISON; JANINE DONATE; BARRY CRAVEN; SCOTT BLUME; CHRIS MASCI; and ARAMARK CORRECTIONAL SERVICES, LLC, | : | (Mannion, M.J.) |
| | : | |
| Defendant | : | |

**ORDER**
May 6, 2010

On June 25, 2007, plaintiff Andre Christopher Williams, then a prisoner at Lackawanna County Prison ("LCP"),[1] commenced this civil action pro se under 42 U.S.C. § 1983. Williams complained that, while he was located at the LCP, he was provided insufficient food; assaulted by corrections officers; denied access to a telephone to speak to family, friends, and his attorney; denied reading materials, including access to the law library; and allowed only one haircut a month and one razor, without disinfectants, used by a number of inmates.

---

[1] The plaintiff currently resides at the United States Penitentiary Canaan ("USP-Canaan") in Waymart, Pennsylvania.

The matter initially was referred to United States Magistrate Judge Malachy E. Mannion. In his initial complaint, Williams named the LCP and Janine Donate, the Warden at LCP, as defendants. In an amendment to his complaint ("First Amendment"), filed on July 2, 2007 (Rec. Doc. No. 6), Williams added Correctional Officers Barry Craven and Scott Blume as defendants. On July 5, 2007, Williams filed a motion in which he sought leave to amend his complaint so as to provide Correction Officer Blume's full name and add a new defendant, Sergeant Chris Masci. (Rec. Doc. No. 8) ("Second Amendment"). Magistrate Judge Mannion granted this motion on July 17, 2007. (Rec. Doc. No. 13). On October 8, 2007, defendants Craven, Blume, Masci, the LCP, and Donate ("Lackawanna Defendants") filed an answer with affirmative defenses. (Rec. Doc. No. 31).

Williams filed an amended complaint on April 24, 2008, in which he named as a defendant Aramark Correctional Services, LLC ("Aramark"), a company he claimed provided food to the LCP.[2] (Rec. Doc. No. 44) ("Amended Complaint").

The Lackawanna Defendants filed an answer on June 26, 2008 (Rec. Doc. No. 52). Aramark filed an answer, with affirmative defenses, to the amended

---

[2] In his amended complaint, Williams referred to the defendant as being Aramark Foods. See id. As noted above, the correct name is Aramark Correctional Services, LLC. (See Rec. Doc. No. 55).

complaint on July 30, 2008.  (Rec. Doc. No. 54).

On July 31, 2009, Aramark filed a motion for summary judgment.  (Rec. Doc. No. 78).  Magistrate Judge Mannion, on February 25, 2010, issued a nine (9) page report and recommendation.  (Rec. Doc. No. 88).  In his report and recommendation, the magistrate judge concluded that Aramark's motion should be granted, as Williams failed to put forth any evidence that would support his claim that Aramark had violated his constitutional rights based upon the food served to him while at LCP.  Id. at 9.  By a Memorandum and Order dated April 13, 2010, this court adopted Magistrate Judge Mannion's report and recommendation in full.  (Rec. Doc. No. 89).

However, in our Memorandum and Order dated April 13, 2010, we also exercised our power pursuant to 28 U.S.C. § 1915(e)(2)(B) to re-screen Williams' complaint and amended complaint.  Upon engaging in such re-screening, we dismissed Williams' claims as to all defendants alleging the denial of telephone access to his family friends, and attorney; the denial of access to reading materials and the law library; the allowance of only one haircut a month; and the denial of clean razors.  Id. at 23.  However, we let stand Williams' claim against Corrections Officers Craven, Blume, and Masci for their alleged assault on the plaintiff and indicated that a non-jury trial would be scheduled at the convenience of the court.

3

Id. at 24.

Currently, trial is set for May 27, 2010 at 10:00 AM. (Rec. Doc. No. 90). On April 30, 2010, Williams filed the instant motion seeking the appointment of counsel. (Rec. Doc. No. 91). As support for his motion, Williams claims that counsel would be beneficial in the presentation of evidence and cross-examination of witnesses, that the case involves complex issues, that plaintiff will be limited by his imprisonment and pro se status, that plaintiff cannot afford counsel, and that he has attempted to obtain counsel without success. Id. at 1.

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, we have authority to seek counsel for an indigent litigant in a civil case pursuant to 28 U.S.C. § 1915(e)(1). Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). In Tabron, the Third Circuit announced the factors that are to be considered by a district court in deciding whether to exercise its discretion and seek counsel for an indigent litigant in a civil case. 6 F.3d at 153. The first consideration by a district court should be whether the petitioner's claim has "some merit in fact and law." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 157). Only after determining that the claim has some merit should the court consider these six additional factors: 1) the plaintiff's ability

4

to present his or her own case; 2) the complexity of the legal issues; 3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such an investigation; 4) the amount the case is likely to turn on credibility determinations; 5) whether the case will require the testimony of expert witnesses; and 6) whether the plaintiff can attain and afford counsel on his own behalf. Id. at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n. 5).

Additional factors which should be taken into consideration are: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of attorneys willing to accept Section 1915(e) requests within the relevant geographical area. Gordon v. Gonzalez, No. 04-4623, 2007 WL 1241583, at *2 n.4 (3d Cir. Apr. 30, 2007).

Upon review of Williams' complaint, amended complaint, and motion, we conclude that Williams has failed to set forth either circumstances or factors that would be sufficient for the court to seek counsel for him at the present time. See Tabron, supra, at 155-56. Throughout the litigation in this matter, we believe that Williams has shown the ability to present coherent arguments, both to this court and to prison staff. In addition, the remaining legal issues are not especially complex, and the need for extensive factual investigation or expert testimony does not appear to be present. As such, we will deny Williams' motion for the

appointment of counsel.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

Plaintiff's "Motion for Appointment of Counsel" is **DENIED**. (Rec. Doc. No. 91).

s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge